UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ABIGAIL SCHARF, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:22-cv-00666 (MSN/IDD) |
| KRISTIANE PELLEGRINO, *et al.*, | |
| *Defendants*. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. No. 41). For the reasons stated below, that motion will be granted.

## I. BACKGROUND

In April 2021, Gregory Pellegrino, a successful partner at Deloitte LLP, tragically died in a car accident—leaving behind a widow, two ex-wives, three children, two stepchildren, and a complicated estate to be divided up amongst them.[1] Dkt. No. 8 ¶ 29 ("Am. Compl."). This case concerns a death benefit policy to be paid out pursuant to the partnership agreement Mr. Pellegrino entered into with Deloitte LLP (the "Benefit"). At the time of Mr. Pellegrino's death, that Benefit named Mr. Pellegrino's second ex-wife, Mary Margaret Farren, as the primary beneficiary. Dkt. No. 8-6 at 2. The Benefit also named Mr. Pellegrino's biological children and the stepchildren he took on when he married Ms. Farren as contingent beneficiaries—enabling them to collect under the Benefit if Ms. Farren were to predecease Mr. Pellegrino. *Id.*

---

[1] The Court takes this time to explain how it will refer to each party. *First*—because at one time or another, each of the decedent's three wives were "Mrs. Pellegrino"—the Court will refer to each woman by her maiden name. Mary Margaret Farren is the decedent's second wife. Kristiane Kristensen is the decedent's third wife and widow. *Second*—because the decedent's children have the last name "Pellegrino", and his former stepchildren have the last name "Scharf"—the Court will refer to the group of Plaintiffs are the "Scharf-Pellegrino children."

In 2017, Ms. Farren and Mr. Pellegrino were divorced. Am. Compl. ¶ 13. The two then entered into a Marital Separation Agreement through which Ms. Farren agreed to disclaim any death benefits that still listed her if Mr. Pellegrino did not remove her before his death. Dkt. No. 8-7 at 14. For that reason, all parties agree that Ms. Farren is precluded from collecting the death benefit. However, because that agreement was silent on the issue, the Scharf-Pellegrino children (the contingent beneficiaries of the policy and the Plaintiffs in this case) and Ms. Kristensen (Mr. Pellegrino's widow, the administratrix of his estate, and the Defendant here) disagree over which of them is entitled to the Benefit. This case will resolve that dispute.

## II.   DISCUSSION

The parties have drawn their lines in the sand.[2] Plaintiffs argue that, pursuant to both Delaware law and the terms of the Benefit, they are the proper beneficiaries. Specifically, they argue that—because § 606 of the Delaware Code requires that the benefit be distributed as if Ms. Farren was dead and because the Benefit clearly entitles them to the funds in the event of Ms. Farren's death—they are entitled to collect. Dkt. No. 42 at 14–15.

Ms. Kristensen disagrees. In her view, Plaintiffs' interests in the Benefit have not yet vested since the Scharf-Pellegrino children would be entitled to collect only if Ms. Farren "had predeceased" Mr. Pellegrino. Specifically, she argues that—because, under the terms of the Benefit, their interest is conditioned on Ms. Farren predeceasing Mr. Pellegrino and because that condition is not satisfied—

---

[2] As an initial matter, the parties disagree as to whether Virginia law or Delaware law applies. *See* Dkt. No. 50 at 2. However—because the Deloitte Partnership Agreement contains a choice-of-law provision that designates Delaware law, *see* Dkt No. 42-3 at 59, and because it is well-settled that Virginia law looks favorably upon such provision, *see Tate v. Hain*, 25 S.E.2d 321, 324 ( Va. 1943)—this Court will apply the substantive law of Delaware.

Moreover, even if Virginia law did apply, the Court notes that it would reach the same conclusion. *Compare* Va. Code Ann. § 20-111.1(A) (providing that, when a party must disclaim an interest in property (like a death benefit), the disclaimed interest "shall be paid as if the former spouse had predeceased the decedent."); *with* Del. Code Ann. tit. 12, § 606(a)(1) (providing that, when a party must disclaim an interest in property (like a death benefit), the disclaimed interest "passes as if the disclaimant had died immediately before the time of distribution").

Plaintiffs are unable to collect, and the Benefit should be distributed to her as the administratrix of the decedent's estate. Dkt. No. 48 at 8-13.

The disagreement in this case is narrow. The parties agree that Mr. Pellegrino designated Ms. Farren and Plaintiffs as the primary and contingent beneficiaries. They also agree that, under Delaware law, the death benefit is to be distributed according to those terms. Moreover, the parties agree that—notwithstanding the terms of the Benefit—Ms. Farren is required to disclaim her interest in the death benefit under the 2017 Marital Separation Agreement. And finally, the parties agree that, when a party disclaims a benefit, Delaware law requires that the disclaimed party be treated as if they had predeceased the policy holder.

Thus, only a quirky (but serious) question remains: What does it mean to treat Ms. Farren— who is very much alive—"as if she had died"?

Answering that question is relatively straightforward. Again, Delaware law requires the Court to suspend reality and to analyze the death benefit "as if the disclaimant had died immediately before the time of distribution." Del. Code Ann. tit. 12, § 606(a)(1). The Beneficiary Designation Form is drafted as a run-of-the-mill "if-then" statement: *if* "[Ms. Farren] not then living [at the time of Mr. Pellegrino's death]," *then* "[the Benefit should be paid out] in equal shares to the children of Greg Pellegrino and [Ms. Farren]." Dkt. No. 42-4 at 2.[3] In light of that conditional statement, there is only one conclusion that the Court can reach.

Moreover, in addition to being the logical result, today's conclusion is also consistent with how Delaware courts have treated the issue. In *Wilmington Trust Company v. Carpenter*, 315 A.2d 625 (Del. Ch. 1974), the state court evaluated a trust benefit that listed both primary and contingent

---

[3] Fighting that conclusion, Ms. Kristensen cites *In re Seitz Estate*, an out-of-state case that reaches the opposite conclusion under Michigan law. *See* Dkt. No. 48 at 9–11 (citing 397 N.W.2d 162 (Mich. 1986)). However, *Seitz* bears no weight in the present matter, as it involves a dissimilar statute. The Court therefore rejects Ms. Kristensen's invitation to take an overly formalistic construction of the death benefit at issue here. *See Fid. Brokerage Servs., LLC v. Burns,* No. 1:17-cv-1383, 2018 WL 3649091, at *3 (E.D. Va. June 4, 2018) (declining to follow *Seitz* for a similar reason).

beneficiaries, with the latter entitled to collect only if the primary beneficiaries had died. *Id.* at 626. As in the instant case, the issue there was whether the contingent beneficiaries could collect after the (living) primary beneficiaries disclaimed their interests in the trust. *Id.* at 627. The court held that they could, finding that the disclaimers accelerated the interests of the contingent beneficiaries, and the contingent beneficiaries were therefore able to collect "as if [the primary beneficiaries] had predeceased [the testator]." *Id.* at 630, *aff'd,* 328 A.2d 141 (Del. 1974) (holding that the Court of Chancery correctly concluded that "the disclaimers effectively accelerated the remainder interests"); *cf. Fid. Brokerage Servs., LLC v. Burns,* No. 1:17-cv-1383, 2018 WL 3649091, at *4–6 (E.D. Va. June 4, 2018) (reaching the same conclusion under Virginia law), *aff'd sub nom.*, *Burns v. Hogge*, 771 F. App'x 234 (4th Cir. 2019).

The Court therefore finds that—because Ms. Farren's disclaimer (and her resulting "death") triggered the contingency written into the Benefit's terms—Plaintiffs are entitled to the funds at issue. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED** that judgment be entered in Plaintiffs' favor. Deloitte LLP shall distribute the Death Benefit to the five named Plaintiffs in this case.

**SO ORDERED**.

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge

July 18, 2023
Alexandria, Virginia