UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ABIGAIL SCHARF, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:22-cv-00666 (MSN/IDD) |
| KRISTIANE PELLEGRINO, *et al.*, | |
| *Defendants*. | |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees (Dkt. 62). For the reasons stated below, the motion will be denied.

**I.   BACKGROUND**

As explained more fully in the Court's memorandum opinion (Dkt. 57), this case concerns the death benefit policy (the "Benefit") of Gregory Pellegrino, who tragically died in a car accident. At the time of Pellegrino's death, the Benefit named his second ex-wife, Mary Margaret Farren, as the primary beneficiary, and Pellegrino's biological children and the stepchildren he took on when he married Ms. Farren, as contingent beneficiaries—enabling them to collect the Benefit if Ms. Farren were to predecease Pellegrino.[1] Farren and Pellegrino were divorced in 2017 and entered into a Marital Separation Agreement (the "Separation Agreement"). In that agreement, Farren disclaimed any remaining death benefits that still listed her.

Plaintiffs—Pellegrino's biological and stepchildren (the contingent beneficiaries of the Benefit)—filed this suit to resolve a disagreement between them and Kristiane Kristensen—Mr. Pellegrino's widow and the administratrix of his estate—as to which of them is entitled to the Benefit.

---

[1] As before, the Court refers to each woman by her maiden name for simplicity.

Plaintiffs argued that Delaware law required the Benefit to be distributed as if Ms. Farren was dead, thus entitling them to funds under the Benefit's terms. Ms. Kristensen, however, argued that under the Benefit's terms, Plaintiffs' interests in the Benefit only vested if Ms. Farren had predeceased Mr. Pellegrino, which did not happen. Therefore, in Ms. Kristensen's view, the Benefit should be distributed to her as the administratrix of Pellegrino's estate. The Court agreed with Plaintiffs and granted them summary judgment. *See* Dkt. 57.

Now, Plaintiffs ask the Court to award them attorney's fees pursuant to the Separation Agreement, which provided that "[a]ny reasonable expenses, including but not limited to counsel fees, expert fees, and court costs incurred by a party in the successful enforcement of any of the provisions of this Agreement, whether through litigation or other action necessary to compel compliance herewith, shall be borne by the defaulting party."

## II. DISCUSSION

Plaintiffs' argument is necessarily premised upon this litigation being brought "to enforce [the Separation Agreement]." *Id.*; *see* Dkt. 63 (Pl. Mot.) at 2 ("Plaintiffs … were required to file the present lawsuit to enforce … [the Separation Agreement]."). Because that premise is faulty, however, Plaintiffs cannot rely on the Separation Agreement's fee-shifting provision, and they are accordingly not entitled to attorney's fees in this action. *See S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 2012 WL 3579605, at *4 (E.D. Va. Aug. 17, 2012) (denying motion for attorney's fees because the "action was not commenced in connection with enforcing terms of the Agreement and therefore does not fall within the scope of the fee-shifting provision.").[2]

In fact, the parties agreed that under the Separation Agreement, Ms. Farren was required to disclaim her interest in the Benefit. *See* Dkt. 57 at 3. For this reason, the dispute did not concern Ms. Farren's obligations under the Separation Agreement; rather, the sole issue was what it meant to treat

---

[2] The Court assumes without deciding that Plaintiffs would be in a position to enforce the Separation Agreement.

2

Ms. Farren "as if she had died" pursuant to Delaware law when it came to applying the Benefit's terms. *Id.*

Plaintiffs argue now that they "were required to file the present lawsuit to enforce Ms. Farren's disclaimer of the Benefit pursuant to the [Separation Agreement]" (Pl. Mot. at 2), but that overlooks their own admission that "Ms. Farren disclaimed the Benefit on October 14, 2021." *Id.* at 4. Although Defendant nonetheless maintained that Plaintiffs were not entitled to the Benefit under its terms, there was nothing concerning the Separation Agreement that Plaintiffs had to enforce in this litigation.

\*   \*   \*

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Attorney Fees (Dkt. 62) is **DENIED**.

**SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

November 21, 2023
Alexandria, Virginia